UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHANNON PARHAM and
BRANDY O'NEILL,

                Plaintiffs,

v.                                    Case No. 8:19-cv-592-T-60SPF

BRIAN OSMOND,

                Defendant.
_____/

## **ORDER**

Before this Court are plaintiffs Shannon Parham and Brandy O'Neill's motions for remand. (Doc. ## 6, 13). Defendant Brian Osmond has responded in opposition to both motions. (Doc. ## 7, 14). For the reasons that follow, the motions are granted in part and denied in part.

**I.    Background**

A vehicle driven by Osmond collided with a vehicle driven by Parham in which O'Neill was a passenger. As a result, Parham and O'Neill – both Florida residents — filed two separate negligence actions against Osmond — a resident of Canada — in the Circuit Court for the Sixth Judicial Circuit in and for Pinellas County, Florida. Thereafter, Osmond timely removed both cases to this Court, asserting the requirements for diversity jurisdiction had been satisfied. (Doc. # 1); *O'Neill v. Osmond*, 8:19-cv-594-T-17JSS (Doc. # 1).[1]

---

1. The Court will cite to the documents filed in *O'Neill v. Osmond*, 8:19-cv-

Upon realizing both cases involved nearly identical parties, facts, and legal issues, the Court *sua sponte* consolidated the cases. (Doc. ## 9, 12). Parham and O'Neill now seek to remand this action back to state court and demand attorney's fees for Osmond's improper removal. (Doc. ## 6, 13).

II. <u>Remand</u>

Parham and O'Neill contend this action should be remanded because Osmond failed to establish the amount-in-controversy requirement was met when their cases were removed. (Doc. # 6 at 3-4; Doc. # 13 at 3-4). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are strictly construed against removal. *Shamrock Oil & Gas Co. v. Sheets*, 313 U.S. 100, 108 (1941). The removing defendant bears the burden of establishing federal jurisdiction. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008). Any doubt as to propriety of removal should be resolved in favor of remand to state court. *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979).

Osmond predicates federal jurisdiction on the diversity provisions of 28 U.S.C. § 1332. "For federal diversity jurisdiction to attach, all parties must be completely diverse . . . and the amount in controversy must exceed $75,000."

---

594-T-17JSS, as (*O'Neill*, Doc. # \_\_\_\_\_).

*Underwriters at Lloyd's London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010). The parties do not dispute the existence of complete diversity — Parham and O'Neill are citizens of Florida, and Osmond is a citizen of Canada. Rather, the parties only dispute whether the amount-in-controversy requirement is met.

Neither complaint states a specified claim to damages but simply alleges the damages in these actions exceed $15,000. (Doc. # 1-1 at ¶ 1; *O'Neill*, Doc. # 1-1 at ¶ 2). If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007). "A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010). A removing defendant should make "specific factual allegations establishing jurisdiction" and be prepared to "support them (if challenged by the plaintiff or the court) with evidence." *Id.* at 754.

In both notices of removal, Osmond contends the amount in

controversy exceeds $75,000 for four reasons: (1) the complaints' allegations of Parham and O'Neill's purported injuries; (2) Parham and O'Neill's past and future medical expenses; (3) Parham and O'Neill's pre-suit demand letters; and (4) jury verdicts in comparable cases. (Doc. # 1 at ¶¶ 10-16; *O'Neill*, Doc. # 1 at ¶¶ 10-16). Additionally, in his response to O'Neill's motion, Osmond attempts to further support his argument by noting that O'Neill refused to stipulate that the amount in controversy does not exceed $75,000 when the parties discussed the possibility of remand. (Doc. # 14 at 8-9). As explained below, the Court concludes Osmond has not met his burden of establishing the amount in controversy.

Osmond begins by pointing to the complaints' allegations of Parham and O'Neill's purported injuries to establish the amount in controversy. Among other things, Parham asserts Osmond's alleged negligence caused her to "sustain severe, continuing and permanent injuries . . . and [she] has in the past and will in the future suffer from the effects of said injuries . . . incur expenses in the care and treatment of said injuries . . . [and] experience loss of earnings and earning capacity." (Doc. # 1-1 at ¶ 7). Similarly, O'Neill asserts Osmond's alleged negligence caused her to sustain "bodily injury, great physical pain and suffering, disability . . . mental anguish, loss of or diminution of earnings or earning capacity . . . [and] medical and related expenses, past and future, incurred in seeking a cure for her injuries."

4

(*O'Neill*, Doc. # 1-1 at ¶ 8).

Although the Court recognizes that Parham and O'Neill generally claim to have suffered as a result of Osmond's alleged negligence, "mere allegations of severe injuries are insufficient to establish the amount in controversy." *Green v. Travelers Indem. Co.*, No. 3:11-cv-922-J-37TEM, 2011 WL 4947499, at *3 (M.D. Fla. Oct. 18, 2011). Furthermore, the complaints' vague and inexact allegations of unspecified damages are too imprecise to include in the amount-in-controversy calculation. Indeed, as further explained below, the Court has not been provided with evidence of these broad categories of damages to find that the amount in controversy has been met. And ascribing any monetary value to these damages would require pure speculation by the Court. *See Nelson v. Black & Decker (U.S.), Inc.*, No. 8:16-cv-869-T-24JSS, 2016 U.S. Dist. LEXIS 116623, at *9 (M.D. Fla. Aug. 30, 2016) ("[T]he Court will not engage in speculation regarding the value of [the plaintiff's] claim for pain and suffering.").

Next, Osmond relies on Parham and O'Neill's past and future medical expenses to establish the amount in controversy. In his notices of removal, Osmond originally stated Parham had incurred approximately $13,000 in medical expenses and O'Neill had incurred approximately $44,887.82 in medical expenses. (Doc. # 1 at ¶ 13; *O'Neill*, Doc. # 1 at ¶ 13). Nevertheless, Osmond also acknowledged in his notices of removal that he did not have the

5

complete medical records for either Parham or O'Neill. (Doc. # 1 at ¶ 11; *O'Neill*, Doc. # 1 at ¶ 12). Now, though, Osmond states that following removal, he received O'Neill's complete medical records, which supposedly indicate O'Neill actually had incurred approximately $80,352.84 in medical expenses by the time this case was removed. (Doc. # 14 at 2, 5).

Yet despite citing multiple exhibits and describing Parham and O'Neill's past medical treatment in his notices of removal and responses to the pending motions, Osmond fails to provide the Court with any supporting documentation, such as medical reports or bills. While Osmond is not required to prove the amount in controversy beyond all doubt, he must support his jurisdictional allegations with evidence where the propriety of removal is challenged by the non-removing parties. *Pretka*, 608 F.3d at 754. Because there is ambiguity regarding the amount of Parham and O'Neill's past medical expenses, Osmond cannot satisfy his burden of establishing the amount in controversy by a preponderance of the evidence without supporting evidence. *See Llanes v. Scottsdale Ins. Co.*, No. 19-21877-CIV-ALTONAGA/Goodman, 2019 U.S. Dist. LEXIS 119948, at *12 (S.D. Fla. July 16, 2019) (holding defendant did not meet its burden because it failed to provide evidence to support its assertions of the amount in controversy); *Newbolds v. Amica Mut. Ins. Co.*, No. 8:19-cv-499-T-33CPT, 2019 WL 1035854, at *1 (M.D. Fla. Mar. 5, 2019) (refusing to consider defendant's

6

allegations of plaintiff's past medical expenses because defendant failed to provide medical reports or bills in support).

Likewise, no documentation has been provided to support Osmond's allegations of Parham and O'Neill's future medical expenses. Accordingly, the unsubstantiated cost of these hypothetical future medical expenses is too speculative to include in the amount-in-controversy calculation. *See Salazar v. Family Dollar Stores of Fla., Inc.*, No. 8:17-cv-1044-T-23JSS, 2017 WL 2729406, at *2 (M.D. Fla. June 26, 2017) ("Without any evidence about the likelihood that a plaintiff's injury will necessitate a particular treatment, the amount in controversy must exclude as an uncertain prospect the cost of a treatment mentioned by a doctor.").

Osmond also relies on Parham and O'Neill's pre-suit demand letters to establish the amount in controversy. According to Osmond, at some unspecified time, Parham demanded $200,000 to settle her case and O'Neill demanded $500,000 to settle her case. (Doc. # 1 at ¶ 16; *O'Neill*, Doc. # 1 at ¶ 16). Osmond, though, has failed to provide these pre-suit demand letters or any documentation evidencing Parham and O'Neill's demands. *See Bylsma v. Dolgencorp, LLC*, No. 8:10-cv-1760-T-23TBM, 2010 WL 3245295, at *1 (M.D. Fla. Aug. 17, 2010) ("[U]nsubstantiated demand[s] fail[] to establish the amount in controversy by a preponderance of the evidence."). Furthermore, because pre-suit demand letters "often reflect puffing and posturing instead

of an honest assessment of damages," defendants "must provide specific information to the Court demonstrating that the demand letter offers a reasonable assessment of the value of the claim." *Ashmeade v. Farmers Ins. Exch.*, No. 5:15-cv-533-OC-34PRL, 2016 WL 1743457, at *3 (M.D. Fla. May 3, 2016). Osmond, however, failed to provide documentation evidencing the reasonableness of Parham and O'Neill's demands. Accordingly, Parham and O'Neill's unsubstantiated pre-suit demands do not aid Osmond in establishing the amount in controversy.

Additionally, Osmond points to jury verdicts in comparable cases to establish the amount in controversy. According to Osmond, "[t]he average jury verdict and damages award in comparable cases is $224,822.86." (Doc. # 7 at 7). The Court notes that the Eleventh Circuit has "question[ed] whether such general evidence is ever of much use in establishing the value of claims in any one particular suit." *Lowery*, 483 F.3d at 1221. Indeed, considering other jury verdicts would require the Court "to engage in improper speculation" in order to find that the amount in controversy has been satisfied. *Gallon v. Harbor Freight Tools USA, Inc.*, No. 8:17-cv-520-T-24 MAP, 2017 WL 1291072, at *3 (M.D. Fla. Apr. 7, 2017). Even if the Court considered the jury verdicts cited by Osmond, these jury verdicts do not aid Osmond in establishing the amount in controversy because he failed to present sufficient evidence of Parham and O'Neill's injuries and medical

expenses. "Absent specific detail about the present action, [evidence of the value of claims in other lawsuits] in no way clarifies the aggregate value of the claims here." *Lowery*, 483 F.3d at 1221.

Finally, Osmond contends in his response to O'Neill's motion that O'Neill refused to stipulate that the amount in controversy does not exceed $75,000. (Doc. # 14 at 8-9). Yet "a plaintiff's refusal to stipulate that his claims do not exceed $75,000 is inadequate to satisfy the removing defendant's burden." *Abbey v. Tex. Roadhouse Holdings LLC*, No. 8:19-cv-204-T-33TGW, 2019 WL 337129, at *3 (M.D. Fla. Jan. 28, 2019); *accord Williams*, 269 F.3d at 1320 ("There are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy [the removing defendant's] burden of proof on the jurisdictional issue."). Regardless, even if the Court considered O'Neill's failure to stipulate, Osmond has still failed to carry his burden of establishing the jurisdictional amount-in-controversy threshold by a preponderance of the evidence. Consequently, this action is remanded for lack of subject matter jurisdiction.

### III. Attorney's Fees and Costs for Removal

Parham and O'Neill also seek attorney's fees and costs under 28 U.S.C. § 1447(c). (Doc. # 6 at 4-6; Doc. # 13 at 4-6). Under Section 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The

Court may award attorneys' fees under Section 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Bauknight v. Monroe Cty.*, 446 F.3d 1327, 1329 (11th Cir. 2006) (quotation marks and citations omitted). While proof of bad faith removal is not required, "there is no indication that a trial court should ordinarily grant an award of attorneys' fees whenever an effort to remove fails." *Kennedy v. Health Options, Inc.*, 329 F. Supp. 2d 1314, 1319 (S.D. Fla. 2004).

The Court concludes Osmond had an objectively reasonable basis for removal. There is no binding Eleventh Circuit authority regarding the remand issues presented in this case, and nothing suggests Osmond removed this case for improper purposes, such as to delay litigation. Therefore, an award of attorney's fees is not warranted under Section 1447(c).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Shannon Parham's motion for remand (Doc. # 6) and plaintiff Brandy O'Neill's motion for remand (Doc. # 13) are **GRANTED IN PART AND DENIED IN PART**.

(2) Parham and O'Neill's request to remand this action to state court is **GRANTED**. Parham and O'Neill's request for attorney's fees and costs under 28 U.S.C. § 1447(c) is **DENIED**.

(3) This action is **REMANDED** to state court for lack of subject matter

jurisdiction. Once remand is effected, the Clerk is directed to **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>15th</u> day of August, 2019.

/s/ Tom Barber

TOM BARBER
UNITED STATES DISTRICT JUDGE